{¶ 25} I respectfully dissent from the majority's opinion that the "drive other car coverage-broadened coverage for named individuals" endorsement that names two individuals does not create a distinction fromScott-Pontzer based upon this court's holding in Burkhart.
 {¶ 26} Because the declarations include named individuals, I find the policy language is not ambiguous and therefore Scott-Pontzer does not apply. See, Westfield Insurance Co. v. Galatis, Summit App. No. CA20784, 2002-Ohio-1502; White v. American Manufacturers (August 9, 2002), Montgomery App. No. 19206. I note this finding is in direct conflict with this court's decisions in Burkhart, supra, and Still v. IndianaInsurance Co., Stark App. No. 2001CA00300, 2002-Ohio-1004. This writer was not involved in these decisions. The Burkhart panel consisted of Judges Hoffman, Wise and Boggins and the Still panel consisted of Judges Gwin, Wise and Boggins.
 {¶ 27} I would find Mr. Pahler is not a named insured under the uninsured/underinsured motorist coverage provisions and therefore his family members are not entitled to coverage under the commercial automobile policy issued by Valley Forge.
 {¶ 28} I concur with the majority's opinion regarding the umbrella policy issued by Continental.